```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY


CLINTON C. BARLOW,              :
                                :    Civil Action No. 09-2671 (AET)
          Petitioner,           :
                                :
     v.                         :    OPINION
                                :
STATE OF NEW JERSEY, et al.,    :
                                :
          Respondents.          :
```

**APPEARANCES**:

    CLINTON C. BARLOW, Petitioner pro se
    # 09003834
    P.O. Box 2134
    Trenton, New Jersey 08608

**THOMPSON**, District Judge

This matter is before the court pursuant to a petition for a writ of habeas corpus under 28 U.S.C. § 2254, filed by petitioner Clinton C. Barlow ("Barlow"), on or about March 25, 2009, originally in the United States District Court for the Eastern District of Pennsylvania. The matter was transferred to this Court on June 3, 2009. (See Docket entry no. 3). Petitioner paid the $5.00 filing fee. For the reasons stated below, the petition will be dismissed without prejudice at this time for failure to exhaust state court remedies.

### I.  BACKGROUND

According to the allegations contained in the petition, Barlow is challenging judgments of conviction by guilty plea purportedly entered in the Trenton Municipal Court and the

Riverside Municipal Court in the State of New Jersey, on February 2, 2009, February 23, 2009, March 10, 2009, and March 26, 2009. (Petition at ¶¶ 1, 2).  Barlow does not indicate the sentence imposed other than the imposition of traffic and parking fines. He claims that he has been repeatedly arrested for non-payment of these fines.  Barlow states that he has filed for Chapter 13 bankruptcy, and therefore, his arrests and confinement were unconstitutional.  (Petition at ¶¶ 3-6).  He claims that he appealed these contested convictions to the United States Bankruptcy Court in Trenton, New Jersey.  (Pet., at ¶ 8).  He admits that he did not appeal these matters to a higher state court, claiming that this matter is "federal jurisdiction only." (Pet., at ¶ 9).  Barlow further states that he plans to appeal further, but does not indicate what court or claims he intends to appeal.  (Pet., at ¶ 10).

## II.  ANALYSIS

### A.  Pro Se Pleading

Barlow brings his habeas petition as a pro se litigant.  A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney

General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

B. Exhaustion Analysis

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or ... circumstances exist that render such process ineffective ... ."[1]  28 U.S.C. § 2254(b)(1).  See also Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. Granberry v. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at 516-

---

[1] Exhaustion of state remedies has been required for more than a century, since the Supreme Court's decision in Ex parte Royall, 117 U.S. 241 (1886).  The exhaustion doctrine was first codified at 28 U.S.C. § 2254 in 1948, see Rose v. Lundy, 455 U.S. 509, 516-18 (1982), and was the subject of significant revisions in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. 104-132, 110 Stat. 1217 (April 24, 1996).

3

18. Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review. Rose, 455 U.S. at 519.

A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings. See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); Ross v. Petsock, 868 F.2d 639 (3d Cir. 1989); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.")  Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied. Picard v. Connor, 404 U.S. 270, 275 (1971); Castille v. Peoples, 489 U.S. 346, 350 (1989).

The petitioner generally bears the burden to prove all facts establishing exhaustion. Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993). This means that the claims heard by the state courts must be the "substantial equivalent" of the claims asserted in

4

the federal habeas petition.  <u>Picard</u>, 404 U.S. at 275.  Reliance on the same constitutional provision is not sufficient; the legal theory and factual predicate must also be the same.  <u>Id.</u> at 277.

Where any available procedure remains for the applicant to raise the question presented in the courts of the state, the applicant has not exhausted the available remedies.  28 U.S.C. § 2254(c).

In the present case, the petition, on its face, shows that Barlow has failed to exhaust his state court remedies with respect to the challenged state court convictions and sentences.  It appears that Barlow is claiming that the state court has no jurisdiction to impose the sentence of fines where he has a federal bankruptcy action.  Nevertheless, Barlow admits that he has not sought any state court review of the convictions and sentences.  Consequently, it is plain that Barlow has not filed any direct appeal from his conviction and sentence in any state court before instituting this federal habeas action.

As a matter of comity then, it is best left to the New Jersey courts to determine Barlow's constitutional claims and challenges to his convictions on direct appeal, which he has yet to file.  Therefore, based on the allegations represented by Barlow in his petition, it is obvious that petitioner's claims for habeas relief in this instance have not been fully exhausted before the highest court in New Jersey, and that petitioner has

yet to file for direct review of his claims in state court. Accordingly, the Court is constrained to dismiss the entire petition, without prejudice, for failure to exhaust as required under 28 U.S.C. § 2254.  See Rose, 455 U.S. at 510.

### III.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 1537 U.S. 322 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

6

Here, jurists of reason would not find the court's procedural disposition of this case debatable. Accordingly, no certificate of appealability will issue.

## IV.   CONCLUSION

For the foregoing reasons, this Court finds that Barlow has failed to exhaust his available state court remedies or to allege facts sufficient to excuse failure to exhaust. The court therefore will dismiss without prejudice the § 2254 habeas petition for failure to exhaust available state court remedies.

No certificate of appealability will issue, insofar as petitioner has failed to make a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

                                                           s/ Anne E. Thompson
                                                       ANNE E. THOMPSON
                                                       United States District Judge

DATED: 7/22/09